**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

|  |  |  |
|---|---|---|
| BOBBY LEON WYNN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Major HELEN JACKSON, *et al.*, | : | NO. 5:13-CV-19-MTT-MSH |
| | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff BOBBY LEON WYNN, who is presently involuntarily confined at Central State Hospital, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).   In addition, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).   Based upon Plaintiff's submissions, the Court hereby **GRANTS** his motion to proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).   Plaintiff is nevertheless required to pay the Court's $350 filing fee, as is discussed below.   The Clerk of Court is directed to send a copy of this Order to the business manager of Central State Hospital.

### I.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the

plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff raises a number of claims arising out of his pretrial confinement at the Bibb County Law Enforcement Center ("BCLEC").   He seeks damages from the following BCLEC Defendants:   Sheriff David Davis, Chief Jailer Russell Nielson, Fiscal Service Officer Danny Thompson, Major Helen Jackson, Captain Mike Scarbury, and John Doe Mailroom Officers.1   As best the Court can discern, Plaintiff's claims include the following:

(1) Denial of access to the courts;

(2) Denial of visitation with family;

(3) Confiscation of books and religious materials;

(4) Freezing of inmate account;

(5) Censorship of mail; and

(6) Misapplication of funds.

Each of Plaintiff's claims is discussed below.

## III.  DISCUSSION

### A.   Dismissed Claims

#### 1.   Denial of Access to the Courts

In addition to his criminal prosecution, for which Plaintiff states he fired his appointed counsel so that he might defend himself, Plaintiff has two section 1983 actions pending in this

---

1 In addition to damages, Plaintiff requests injunctive relief.   Such request is mooted by his transfer from BCLEC to Central State Hospital.   *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986).

Court and a habeas corpus action pending in the Bibb County Superior Court.  He alleges both interference with his legal mail and denial of adequate assistance to prepare his cases.  As to the latter, Plaintiff states that BCLEC has no law library and "no person trained in the law."  He further complains that jail officials have "refused" to make Plaintiff copies, which has resulted in "delaying motions and notices" and caused Plaintiff to "endure the possibility" that one of his lawsuits might be dismissed.

As to Plaintiff's pending civil cases, prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  That right may be met "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Id.* at 828; *see also Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not, in itself an unconstitutional impediment.").

To state a valid access to courts claim, however, a prisoner must allege an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  The injury must relate to prospective or existing litigation, such as "being prevented from presenting claims," while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."  *Wilson v. Blankenship*, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998). Moreover, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic."  *Id.* at 1291 (quotations omitted).  "To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that results from actions of prison officials."  *Id.* at 1290-91.

Even assuming that one or more of Plaintiff's civil cases are nonfrivolous, he has failed to allege that the denial of legal materials or assistance or the interference with his legal mail

4

prevented his pursuing any of these lawsuits. Indeed, none of Plaintiff's civil cases in this Court have been dismissed because of his failure to meet deadlines. Plaintiff merely "endur[ing] the possibility" of such an injury is insufficient to state a constitutional claim.

With regard to Plaintiff's criminal case, a criminal defendant who seeks to represent himself has "no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel." *Smith v. Hutchins*, 426 F. App'x 785, 789 (11th Cir.) (unpublished) (listing cases that adopt this principle), *cert. denied*, 132 S. Ct. 272 (2011). The state's obligation to provide meaningful access to the courts is sufficiently satisfied by offering the defendant the assistance of appointed counsel.

Moreover, Plaintiff's voluminous filings indicate that his decision to waive counsel satisfied the Sixth Amendment. *See Id.* at 788; *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of court-appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law library).

Additionally, inmates do not generally have a constitutional right to free photocopies. *See Wanniger v. Davenport*, 697 F.2d 992 (11th Cir. 1983) ("prisoner's right of access to the courts does not include the right of free unlimited access to a photocopying machine"); *Miller v. Donald*, 132 F. App'x 270 at * 2 (11th Cir. May 19, 2002) (unpublished) (no constitutional claim where inmate failed to allege that he "was unable to produce hand-copied duplicates"). Plaintiff has failed to allege facts suggesting that the BCLEC impeded his litigation efforts with its policy on photocopies.

Because a more carefully drafted complaint that contained more information may state a claim, it is **RECOMMENDED** that Plaintiff's access to courts claim be **DISMISSED**

**WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

As discussed below, Plaintiff's First Amendment censorship claim relating to his mail shall be allowed to proceed.

### 2. *Denial of Visitation*

Plaintiff complains about a new policy at BCLEC of allowing only online visitation with family members and alleges that such visitation would deprive him of being able to sit with his family. He speculates that he would be forced to "pay for minutes on-line." It is unclear whether this new policy has been implemented, and Plaintiff does not allege that he has actually been denied visitation with his family. Thus, even if there were a constitutionally protected right to visitation, Plaintiff would not have stated a colorable claim of its denial.

In any event, neither prisoners nor their visitors have a constitutional right to visitation. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) (finding an inmate does not have a protected interest in visitation arising from the Due Process Clause). The same principle applies to pretrial detainees. *Block v. Rutherford*, 468 U.S. 576, 589 (1984) (upholding a blanket prohibition on contact visitation for pretrial detainees as reasonably related to a legitimate government interest in security). Moreover, visitation privileges are a matter subject to the discretion of prison officials. *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981).

In light of the foregoing, it is hereby **RECOMMENDED** that Plaintiff's visitation claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 3. *Confiscation of Books and Religious Materials*

Plaintiff states that his mother ordered for him unspecified books from Barnes and Noble, which BCLEC officials rejected.  Plaintiff further states that "this also shows I was refused to rec[ei]ve religious materials as well.  (Returned!)."  Plaintiff does not provide the titles of the books or the reasons they were refused by prison officials.  Plaintiff's factual allegations are thus, again, insufficient to state a colorable constitutional claim.  Because a more detailed complaint might support a valid claim, the undersigned **RECOMMENDS** that this claim be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 4. *Freezing of Inmate Account*

Plaintiff alleges that his inmate account was improperly frozen.  After Plaintiff complained to BCLEC officials, Defendant Fiscal Service Officer Danny Thompson forwarded to Plaintiff a letter directing the freeze from Dianne Brannen, Clerk of the Bibb County Superior Court (ECF No. 1-1, p. 34).  Brannen's letter indicates that Plaintiff's account was frozen pursuant to O.C.G.A. § 42-12-7.1, to collect fees for Plaintiff's filing a habeas corpus action in that court.  Plaintiff has apparently confused the state court process for collecting fees with this Court's process, as he cites 28 U.S.C. § 1915 and states that no more than 20% should be taken

from his account.

Plaintiff does not challenge the constitutionality of O.C.G.A. § 42-12-7.1 and there is no suggestion that his account was frozen other than as prescribed in said statute.   Plaintiff has thus failed to allege a colorable due process claim with respect to the freezing of his account.   ***See e.g., Stanley v. Morrison***, CV306-098, 2007 WL 1100494 (S.D. Ga. Apr. 9, 2007).   In light of the foregoing, it is hereby **RECOMMENDED** that this claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B.   Colorable Claims

#### 1.   Censorship of Mail

Plaintiff alleges that Defendants Major Helen Jackson and John Doe Officers opened and read Plaintiff's legal mail.   He further claims that Jackson was aware of the Doe Officers opening his mail.   Such mail allegedly included correspondence from this Court, the Bibb County Superior Court, and an attorney.

Construing Plaintiff's allegations liberally in his favor, the Court concludes that he has stated a colorable censorship claim against Jackson and the Doe Officers.   Plaintiff is advised that he must identify the Officers, including through any discovery in this case so that the Court may serve the complaint on said Defendants.   Said claim shall be allowed to proceed against Defendant Major Helen Jackson.

#### 2.   Misapplication of Funds

Plaintiff claims that in October 2012 his brother sent him money for two birthday packages

and that the money was deposited into Plaintiff's inmate account.   Because Plaintiff owed money for medical visits and copy costs, BCLEC officials allegedly applied the money to these debts. Plaintiff complained about this process to Defendant Fiscal Service Officer Danny Thompson, who directed Plaintiff to pursue the BCLEC grievance process.

Although this Court has serious doubts as to the ultimate merits, Plaintiff may have alleged a colorable due process claim arising out of the above.   Accordingly, said claim shall be allowed to proceed against Defendant Thompson.

### C.   Dismissed Defendants

Because Plaintiff has not linked either of his colorable claims to Defendants Sheriff David Davis, Chief Jailer Russell Nielson, and Captain Mike Scarbury,2 it is **RECOMMENDED** that these Defendants be **DISMISSED WITHOUT PREJUDICE** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### D.   Summary

Based on the above, the Court **RECOMMENDS** that Plaintiff's claims of denial of access to courts and confiscation of books and religious materials be **DISMISSED WITHOUT PREJUDICE**, that Plaintiff's claims of denial of visitation and freezing of his inmate account be **DISMISSED WITH PREJUDICE**, and that Defendants Sheriff David Davis, Chief Jailer Russell Nielson, and Captain Mike Scarbury be **DISMISSED WITHOUT PREJUDICE** as Defendants herein.   Only Plaintiff's claims of censorship of mail and misapplication of funds and

---

2 Supervisors are not liable under section 1983 for the acts of their subordinates solely by virtue of their supervisory positions.   ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir.1999).

only Defendants Major Helen Jackson and Fiscal Service Officer Danny Thompson should remain in this lawsuit.

It is hereby **ORDERED** that service be made on Defendants Major Helen Jackson and Fiscal Services Officer Danny Thompson, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence

with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the

11

court.   This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding

month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.   Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 15th day of April, 2013.


S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE