IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BOBBY LEON WYNN, | : | |
| | : | |
| Plaintiff, | : | CASE NO: 5:13-CV-19-MTT-MSH |
| v. | : | 42 U.S.C. § 1983 |
| | : | |
| Major HELEN JACKSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

## REPORT & RECOMMENDATION

Presently pending before the court is Defendants' motion to dismiss or, in the alternative, motion for summary judgment, as to Plaintiff's complaint. (ECF No. 18.) Plaintiff responded to the motion on June 24, 2013 (ECF No. 19) and again on July 17, 2013 (ECF No. 20). For the reasons stated below, the Court recommends Defendants motion be construed as a motion for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, and should be granted.[1]

## DISCUSSION

**I.  Standard for Motion for Summary Judgment**

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact

---

[1] The Court considered the affidavits and other exhibits attached to Defendants' motion in making its decision and, therefore, must construe the motion as one for summary judgment under Rule 56(a) rather than as a motion under Rule 12(b)(6).

exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is material if it is relevant or necessary to the outcome of the suit.  *Id*. at 248.  A factual dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id*.

## II.     Plaintiff's Claims

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, against Defendants Major Helen A. Jackson ("Defendant Jackson") and John Daniel "Danny" Thompson ("Defendant Thompson"), among others, alleging numerous violations of his rights.  (*See generally* Compl., ECF No. 1.)  This Court made a preliminary review under 28 U.S.C. § 1915A(a) and dismissed all of Plaintiff's claims except those against Defendant Jackson for censorship of mail, and Defendant Thompson for misapplication of funds.  (*See* Order and Recommendation, ECF No. 7.)

In his Complaint, Plaintiff contends that Defendant Jackson opened his confidential legal mail.  He makes a conclusory accusation that she opened mail from this Court, the Bibb County Superior Court, and an attorney.  Later he argues that she must have opened his legal mail because she knew that his previous lawsuit had been dismissed, which knowledge, according to Plaintiff, could only have come from opening and reading his legal mail. (Compl. 6.)  Plaintiff also lists a number of parcels that he claims were opened by unnamed officers "under the supervision of Major Helen Jackson," and states that these acts were in violation of his freedom of speech, and caused

2

delays that prejudiced his ability to prosecute those lawsuits. (Compl. Attach. at 1, ECF No. 1-1.)

As to Defendant Thompson, Plaintiff contends that as the fiscal services officer, Defendant Thompson is responsible for improperly applying funds deposited into Plaintiff's account by his brother toward debts allegedly incurred, thereby depriving Plaintiff of his ability to use the funds as he wished. (Compl. 5-6.) After the preliminary review of Plaintiff's Complaint, this Court allowed the misappropriation of funds claim to go forward, but noted serious doubts as to its merits. (Order & Recommendation 9.)

## III. Censorship of Mail Claim

The issue upon a motion for summary judgment is whether there is a "genuine dispute as to any material fact" such that the moving party should not be granted judgment as a matter of law. Fed. R. Civ. P. 56(a). Here, the issue is whether Plaintiff's accusations against Defendant Jackson, and evidence put forth in support thereof, create a question of material fact for a trier of fact to decide, or whether, after construing all disputed facts in Plaintiff's favor, no material dispute of fact exists and Plaintiff cannot prevail under the relevant legal standard. After reviewing the evidence put forth by both parties, it is clear that no genuine issue of material fact exists, and Defendant is entitled to summary judgment on the censorship of mail claim.

In order to state a claim for relief under 28 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579,

1581 (11th Cir.1995). Mail is considered a medium of free speech and the right to send and receive mail is protected by the First Amendment. *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008) (citing *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 427 (1993)). Thus, an inmate's use of the mail to communicate over legal matters remains a protected First Amendment free speech right. *Al-Amin*, 511 F.3d at 1334. Censorship is permitted only to protect legitimate governmental interests. *Wolff v. McDonnell*, 418 U.S. 539, 575 (1974).

A First Amendment censorship claim does not require a showing of actual injury; however, to prevail on such a claim, an inmate must establish a violation of a fundamental constitutional right. *Al-Amin*, 511 F.3d at 1335. To establish such a violation, an inmate must sufficiently show that a correctional facility's "pattern and practice" of interfering with legal mail sufficiently infringed on his right to free speech. *Id.* at 1334. Vague allegations of unlawful interference with legal mail are insufficient to establish a constitutional violation. *Helton v. Baden*, 2011 WL 8816145, at *4 (M.D. Ga. 2011).

Plaintiff's complaint and supporting filings fail to show that he could prevail under the standard discussed above. He gives no concrete evidence that Defendant Jackson ever opened Plaintiff's mail or sanctioned such activities by subordinates. Plaintiff merely states a conclusory accusation that Defendant Jackson must have opened his mail because she knew his lawsuit had been dismissed when she refused to copy documents for him without paying the copying fee, "proving [his] opened letters had by read and censored." (Compl. 6.) Plaintiff also filed a list of "Dates of Opened Mail" in an

4

attached exhibit but offers no actual proof that anyone had opened these letters before they reached him, other than his own conclusory statements. (Compl. Attach. 1.) Furthermore, Plaintiff makes no showing of any "pattern and practice" and makes only vague accusations which are insufficient to establish a finding of a constitutional violation under *Helton*.

Plaintiff's accusations also fly in the face of evidence put forth by Defendant Jackson. Defendant Jackson states in her sworn affidavit that she never interfered with Plaintiff's mail. (Jackson Aff. 3, June 14, 2013, ECF No. 18-1.) Furthermore, she gives compelling evidence to contradict Plaintiff's sole basis for his accusation, which is that only by opening his mail could she have known about the dismissal of his lawsuit. Defendant Jackson shows the Court that she was mailed a copy of this Court's Order in that case detailing its dismissal so that funds could be withdrawn from Plaintiff's account to pay the filing fee. (*Id*. at 3, 7.) Plaintiff offers no contrary evidence to dispute this explanation, and therefore creates no issue of fact as to this claim. Furhter, Plaintiff cannot prevail under the relevant standard, and summary judgment should be granted for Defendant Jackson.

## IV.   Due Process/Misappropriation of Funds Claim

Next, Plaintiff claims Defendant Thompson misapplied the funds deposited into his account by his brother. The Court construes this claim as arguing that Plaintiff was deprived of his property without due process of law. A Section 1983 claim alleging denial of due process requires proof of (1) a deprivation of a constitutionally-protected

liberty or property interest; (2) state action; and (3) constitutionally-inadequate process. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

Plaintiff states that his brother made a payment into his inmate trust account after supposedly being told that it would be put toward a birthday food package. According to Plaintiff, however, his brother was "lied to by someone at this facility" and the money was instead taken out of the account for previously-incurred debts. Plaintiff's Complaint and supporting evidence fail to satisfy the elements of a due process claim, and therefore, Defendant Thompson should be granted summary judgment.

Defendant Thompson states in his sworn affidavit that two ten dollar ($10.00) deductions were taken for medical expenses previously-incurred by Plaintiff, and one eleven dollar and forty-five cent ($11.45) deduction was taken for copy fees. (Thompson Aff. 3, June 14, 2013, ECF No. 18-3.) This was done in full compliance with the Bibb County Correctional Facility Inmate Handbook which provides that inmates will "have their accounts charged for certain medical visits . . . and other items designated by the jail Major." (*Id*.) According to Defendant Thompson, it is the practice of the Bibb County Sheriff's Office (BCSO) to assess a negative balance to the account of an inmate who incurs fees without the ability to pay for them. Once money is deposited into the account, the negative balance amount is deducted from the funds. (*Id*. at 3.) Furthermore, Defendant Thompson states that he "was not involved in placing the charges on Mr. Wynn's account or in the deduction of the funds from his account." (*Id*.) When Plaintiff contacted Defendant Thompson about the deductions, Thompson informed Plaintiff of

the reasons for the deductions and that he would need to go through the proper grievance process if he had any issues. (Thompson Aff. 3.)

Plaintiff's claims do not raise any colorable constitutional violations. First, Defendant Thompson states he had no direct connection to the withdrawal of funds from Plaintiff's account. (*Id*. at 3.) Plaintiff makes no showing to the contrary. Second, the BCSO is authorized to deduct negative balances from deposits made into inmate accounts. (*Id*.) Therefore, Plaintiff has not been unlawfully deprived of his property. He incurred debts and those debts were properly paid using funds that were deposited into his account, as authorized by the inmate handbook. (*Id*.) Thus, Plaintiff has not shown that any genuine issue of material fact exists that would allow his claims to proceed beyond summary judgment. Further, Defendant Thompson is entitled to judgment in his favor as a matter of law. Therefore, it is recommended that Defendant Thompson's motion for summary judgment be granted.

## CONCLUSION

For the reasons explained above, it is RECOMMENDED that Defendants Jackson and Thompson's motion for summary judgment (ECF No. 18) be GRANTED. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 16th day of October, 2013.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE