IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BOBBY LEON WYNN, :
:
    Plaintiff, :
: CASE NO. 5:13-CV-19-MTT
VS. :
:
SHERIFF DAVID DAVIS, *et al.*, :
:
    Defendants. :
_____

## ORDER

Plaintiff Bobby Leon Wynn, an inmate currently confined at the Bibb County LEC in Macon, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. This case was ordered dismissed by this Court on November 15, 2013. (Doc. 23.) Judgment was entered against Plaintiff on November 19, 2013. (Doc. 24.)

Plaintiff has now filed a Motion for Appointment of Counsel (Doc. 28) and a Motion to Proceed *in forma pauperis* on Appeal (Doc. 29) from this Court's Order dismissing his Complaint. Regarding Plaintiff's motion for appointment of counsel, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). The Court finds that Plaintiff set forth the

essential factual allegations underlying his claims and the Court determined that Plaintiff's allegations failed to state a valid § 1983 claim.  Furthermore, Plaintiff's case is now closed in this Court.  For those reasons, Plaintiff's motion for appointment of counsel is **DENIED**.

As to his motion to proceed *in forma pauperis* on appeal, in the Court's best judgment, an appeal from this Order cannot be taken in good faith.  Plaintiff's Motion to Proceed *in forma pauperis* on appeal is accordingly **DENIED**.  See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis  . . .  unless . . . the district court . . . certifies that the appeal is not taken in good faith").

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505.00 appellate filing fee.  Because Plaintiff has stated that he cannot pay the $505.00 immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to § 1915(b), the prison account custodian where Plaintiff is incarcerated shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account until the $505.00 appellate filing fee has been paid in full.  Twenty percent of any deposits into the prisoner's account shall be withheld by the prison account custodian who, on a monthly basis, shall forward the amount withheld from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the total filing fee of $505.00 has been paid.  Checks should be made payable to "Clerk, U.S. District Court."

-3-

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the custodian of the prison in which Plaintiff is presently incarcerated.  Any further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED** this 23rd day of January, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lws